IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFEILD DIVISION

| | |
|---|---|
| **DOUGLAS KITTRELLS,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 1:18-01365 |
| ) | |
| **WARDEN, FCI McDowell,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's "Petition for Writ of *Habeas Corpus* Under Section 2241" (Document No. 1), filed on October 18, 2018; and (2) Petitioner's letter-form Motion for Reduction of Sentence pursuant to the First Step Act (Document No. 6), filed on January 14, 2019.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition and Motion, the undersigned finds, and hereby respectfully recommends, that Petitioner's Motion be denied and his Petition dismissed.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 1:15-cr-02623:**

On May 31, 2013, Petitioner pled guilty in the Northern District of Ohio to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C §§ 841(a)(1) and 846. United States v. Kittrells, Case No. 1:15-cr-02623 (N.D.Oh. Oct. 2, 2013),

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Document Nos. 1256. On October 2, 2013, the District Court sentenced Petitioner to a 110-month term of imprisonment to be followed by 3-year term of supervised release. Id., Document Nos. 1362 and 1365.

On October 23, 2013, Petitioner filed a Notice of Appeal. Id., Document No. 1368. In his appeal, Petitioner argued that he did not qualify as a career offender under the Section 4B1.1 of the United States Sentencing Guidelines ["Guidelines"].[2] United States v. Kittrells, 605 Fed.Appx. 543 (6th Cir. 2015). By Opinion entered on May 20, 2015, the Sixth Circuit affirmed Petitioner's sentence. Id. The Sixth Circuit noted that although Petitioner was classified as a career offender, he was sentenced to serve a below-guidelines sentence of 110 months of imprisonment. Id.

B.    **Section 2255 Motion:**

On December 16, 2015, Petitioner filed in the Northern District of Ohio a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Kittrells, Case No. 1:15-cr-02623, Document No. 1599. In his Motion, Petitioner asserted the following: (1) "Ineffective assistance of counsel at a critical stage – failure to raise sentencing guideline error after being requested to do so by Petitioner;" and (2) "Petitioner is legally and lawfully innocent of the career offender Guideline enhancement." Id. By Order entered on December 29, 2015, United States District Judge Donald C. Nugent directed the United States to file a Response. Id., Document No. 1603. The United States filed its Response in Opposition on January 5, 2016. Id., Document No. 1606. On March 2, 2016, Petitioner filed his Reply. Id., Document No. 1614. By

---

[2] Petitioner was determined to be a career offender based on his prior drug trafficking convictions: (1) A 2005 Ohio drug trafficking conviction leading to a year in prison; and (2) A 2010 Ohio drug trafficking and drug possession conviction leading to concurrent six-months

Memorandum Opinion and Judgment Order entered on April 22, 2016, Judge Nugent denied Petitioner's Section 2255 Motion. Id., Document Nos. 1642 and 1643. On May 4, 2016, Petitioner filed his Notice of Appeal. Id., Document No. 1649. By Order entered on November 14, 2016, the Sixth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 1710.

**C.     Request for Authorization to File a Successive Section 2255 Motion:**

On December 5, 2016, Movant filed with the Sixth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), and Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). In re: Douglas Kittrells, Case No. 16-4359 (6th Cir.), Document No. 1; also see Kittrells, Case No. 1:15-cr-02623, Document No. 1790. Specifically, Petitioner explained that he sought permission to file a successive Section 2255 Motion arguing that his "prior Ohio state drug convictions no longer qualified for career offender guideline enhancement" in light of Mathis, Hinkle, and Descamps. Id. By Order entered on July 18, 2017, the Sixth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Kittrells, Case No. 1:15-cr-02623. The Sixth Circuit explained that Petitioner's reliance upon Mathis, Descamps, and Hinkle was misplaced based on the following: (1) "Neither *Mathis* nor *Descamps* announced a new rule 'of constitutional law' that the Supreme Court 'made retroactive to cases on collateral review;'" and (2) "*Hinkle*, a case from the Fifth Circuit Court of Appeals that analyzed a Texas statute for

---

terms for each.

'delivery of a controlled substance,'" 832 F.3d at 570, is neither a Supreme Court case that announced a new, retroactively applicable constitutional rule, nor binding on this court." Id.

**D.      Section 2241 Petition:**

On October 18, 2018, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:18-01365, Document No. 1.) Petitioner argues that the sentencing court improperly determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1. (Id.) In light of Mathis and Descamps, Petitioner argues that his prior Ohio state drug convictions no longer qualify as predicate offenses for career offender guideline enhancement. (Id.) Citing United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), Rosales-Mireles v. United States, ___ U.S. ___, 138 S.Ct. 1897, 20 L.Ed.2d 376 (2018), and Hill v. Masters, 836 F.3d 591 (6th Cir. 2016), Petitioner appears to argue that he can meet the requirements of the saving clause. (Id.) As relief, Petitioner requests that this Court resentence him without the career offender enhancement. (Id.)

On January 14, 2019, Petitioner filed a letter-form Motion for Reduction of Sentence based upon Section 404 of the First Step Act of 2018. (Id., Document No. 6.) Petitioner argues that this Court "should reduce Petitioner's sentence on Count 1 because, if sentenced under the FSA of 2018, his statutory minimum and maximum sentences would decrease." (Id.)

## ANALYSIS

**A.      Section 2241 Petition (Document No. 1):**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct.

175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the

validity of his sentence as imposed by the Northern District of Ohio. Specifically, Petitioner contends that his sentence is now invalid in light of <u>Mathis</u> and <u>Descamps</u>. Citing <u>Mathis</u> and <u>Descamps</u>, Petitioner argues that his prior state drug convictions no longer qualify as predicate offenses for purposes of designating him as a career offender under the Guidelines. Thus, Petitioner requests that his sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See <u>Pack</u>, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Ohio. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of

Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). The undersigned further notes that the Sixth Circuit denied Petitioner authorization to file a successive Section 2255

render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler

---

Motion based upon *Mathis* and *Descamps*.

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the

Court, however, clarified that "there is no doubt that Jones is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Mathis and Descamps[5] is misplaced as neither apply retroactively in this Circuit. See Cox v. Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to

---

petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

Id. The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. Id., Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. Id., Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. Id., Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. United States v. Wheeler, Case No. 18-00420.

[5] In Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." Id. In Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Despite Petitioner's arguments to the contrary, Petitioner cannot satisfy the second requirement of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*).

Next, Petitioner challenges his career offender enhancement based upon Hill and Rosales-Mireles. First, the undersigned finds that Petitioner reliance upon Hill v. Masters, 836 F.3d 591 (6th Cir. 2016) is without merit. The foregoing is a Sixth Circuit case. Therefore, Hill does not establish a change in "settled law of this circuit or the Supreme Court" that established

the legality of Petitioner's sentence. The undersigned further finds that Petitioner's reliance upon Rosales-Mireles is misplaced. In Rosales-Mireles v. United States, ___ U.S. ___, 138 S.Ct. 1897, 20 L.Ed.2d 376 (2018), the United States Supreme Court addressed plain error review of Sentencing Guideline errors. Rosales-Mireles v. United States, ___ U.S. ___, 138 S.Ct. 1897, 1906, 20 L.Ed.2d 376 (2018)(In considering the fourth prong of the plain error standard applied by appellate courts pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure, the Supreme Court determined that plain Guideline error "will seriously affect the fairness, integrity, and public reputation of judicial proceedings.") Such is inapplicable to the claims asserted Petitioner's instant *habeas* petition.[6] Furthermore, Rosales-Mireles has not been held to be retroactive to cases on collateral review. McClurkin v. United States, 2018 WL 4952794, * 2 (D.Md. Oct. 11, 2018); United States v. Twitty, 2018 WL 4506802, * 5 (D.S.C. Sept. 20, 2018); also see Nobrega v. United States, 2018 WL 3323759, * 2 (D.Ma. July 6, 2018)(declining to apply *Rosales-Mireles* to petitioner's *habeas* petition because "it is unlikely that the same rule would apply on collateral review, where the scope of review is more limited.") The undersigned, therefore, finds that Petitioner cannot satisfy the second prong of the Wheeler test.

---

[6] To the extent Petitioner is arguing that the Sixth Circuit erred in affirming his sentence on direct appeal, a review of the Sixth Circuit's decision reveals that the Sixth Circuit did not apply the plain error standard finding a sentencing error but determining that Petitioner could not show actual prejudice. *See Kittrells*, 605 Fed.Appx. at 543. Instead, the Sixth Circuit determined that Petitioner qualified as a career offender within the meaning of the Sentencing Guidelines. *Id.* Specifically, the Sixth Circuit stated as follows:

> Kittrells warrants that designation, the guidelines say, if he "has at least two prior felony convictions of . . . a controlled substance offense." *Id.* § 4B1.1(a). A prior conviction qualifies if it "count[s] separately" towards Kittrells's criminal history score. *Id.* § 4B1.2(c). Convictions count separately, in turn, if they do not share a charging instrument, and if they do not share a sentence imposed on the same day. *Id.* § 4A1.2(a)(2). Because Kittrells's 2005 and 2010 drug trafficking convictions share neither, he meets the definition of a career offender under the guidelines.

Based upon the foregoing, the undersigned finds that Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

**B.     Motion for Reduction of Sentence (Document No. 6):**

Petitioner filed a letter-form Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c) based upon Section 404 of the First Step Act of 2018. Similar to a Section 2255 Motion, a Section 3582 Motion must be filed in the underlying criminal action and be addressed by the sentencing court. See Wykle v. United States, 2016 WL 6909119, * 1 (W.D.N.C. Nov. 23, 2016); Braswell v. Gallegos, 82 Fed.Appx. 633, 635 (10th Cir. 2003)(Since "a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence."); also see United State v. Gilyard, 2019 WL 360053 (4th Cir. Jan. 29, 2019)(granting petitioner's petition for rehearing based on the First Step Act and remanding the case back to the sentencing court for reconsideration of Petitioner's Section 3582(c)(2) Motion in light of the First Step Act). Therefore, this Court does not have jurisdiction over the above Motion. The undersigned, however, will briefly consider the merits of Petitioner's Motion for Reduction of Sentence in order to determine whether the Motion should be denied or transferred to the Northern District of Ohio.

Section 404 of the First Step Act allows the "court that imposed a sentence for a covered offense," to reduce a defendant's "sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 (2018). Thus,

---

See United States v. Williams, 753 F.3d 626, 639 (6th Cir. 2014).

the First Step Act retroactively applies the revised statutory penalties of the Fair Sentencing Act. Id. The First Step Act, however, applies only to defendants sentenced before the Fair Sentencing Act lowered the statutory sentencing range. First Step Act § 404(a) and (c). Thus, the First Step Act applies only to federal offenses committed before August 3, 2010 (the effective date of the Fair Sentencing Act), which the Fair Sentencing Act changed the statutory penalty range. First Step Act § 404(a). The Fair Sentencing Act changed only the statutory penalty range for certain crack cocaine offenses (21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii)).[7] Fair Sentencing Act of 2010 §§ 2 and 3.

Based upon a review of Petitioner's underlying criminal action, Petitioner was charged and sentenced after August 3, 2010. Therefore, Petitioner is not entitled to a modification of his sentence because he was charged and sentenced based on the revised statutory penalties of the Fair Sentencing Act of 2010. First Step Act § 404(c)(no court shall entertain a motion under this section if the sentence previously imposed was in accordance with amendments in sections 2 and 3 of the Fair Sentencing Act of 2010). The undersigned, therefore, respectfully recommends that the District Court deny Petitioner's above Motion.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's letter-form Motion for Reduction of Sentence

---

[7] Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base (crack cocaine) needed to trigger certain statutory minimum sentences. *See* 21 U.S.C. § 841(b)(1)(A)(iii)(raising from 50 to 280 grams the amount of cocaine base needed to trigger statutory range of 10 years to life in prison); and 21 U.S.C. § 841(b)(1)(B)(iii)(raising from 5 to 28 grams the amount of cocaine base needed to trigger statutory range of 5 to 40 years in prison).

(Document No. 6), **DISMISS** Petitioner's "Petition for Writ of *Habeas Corpus* Under Section 2241" (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 7, 2019.

Omar J. Aboulhosn
United States Magistrate Judge